UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ROBERT GRUNDSTEIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAINE BOARD OF BAR EXAMINERS; )<br>MELISSA K. HANSEN; CHRISTOPHER )<br>K. MACLEAN; JENNIFER FERGUSON; )<br>TRACY B. COLLINS; JOHN P. GAUSE; )<br>PAUL H. MILLS; ALISON E. TOZIER; )<br>ANDREW F. WISCH; JOHN DAVID )<br>KENNEDY; J. CATHERINE CONNORS, )<br>)<br>Defendants. ) | Case No. 2:24-cv-685 |

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**
(Doc. 2)

Plaintiff Robert Grundstein, a Vermont resident proceeding *pro se*, brings this action against the Maine Board of Bar Examiners ("Maine BBE") and each of its members, all in their individual and official capacities. The action concerns the "embargoing" of his score on the July 2021 Maine bar examination which he alleges violates his federal constitutional rights. (Doc. 1 at 2.) Defendants move to dismiss the case under Federal Rule of Civil Procedure 12(b) on several grounds. (Doc. 2.) Plaintiff opposes the motion. (Doc. 3.) For the reasons discussed below, Defendants' motion to dismiss is GRANTED, and the case is DISMISSED.

**I.    Plaintiff's Allegations and Claims**

Plaintiff asserts the court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Maine state law claims under 28 U.S.C. § 1367. The Complaint does not make allegations regarding personal jurisdiction or venue.

Plaintiff alleges that he passed the July 2021 Maine bar exam that he took remotely from Vermont and "Maine threw out the whole thing." (Doc. 1 at 2.) Maine BBE "embargoed Plaintiff's score" and "will not reveal or release" it. *Id.* at 3. Although Plaintiff asserts Maine BBE "has not provided any evidence or conducted any noticed hearings with regard to this behavior," he acknowledges Maine BBE "did describe a specific time during the exam at which a reason to embargo [his score] may have occurred." *Id.* Maine BBE allegedly "threw out the entire exam score despite the fact that any alleged defect may not have affected his score or that any alleged defect may have been directed towards a very small part of a very severable exam with three discreet sections." *Id.* at 8. He states: "This embargo is consistent with the misplaced malevolence in Defendant's office as administered by Melissa Hansen, director of the exam." *Id.* at 3. He further alleges this "sort of bad faith has consistently been a part of transactions with the [Maine BBE] and Melissa Hansen[,] Director." *Id.* at 9.

Plaintiff asserts five claims. Three are based on violations of his rights under the United States Constitution including the Fifth Amendment,[1] the Contracts Clause, and the Ex Post Facto Clause. His fourth claim is for a violation of Rule 7 of the Maine Rules for Admission to the Bar. Plaintiff's fifth claim is for civil conversion under Vermont law.

As relief, Plaintiff requests: (1) "his bar score be published and known to the public and Plaintiff;" (2) "an [O]rder by which Maine is forced to remove the embargo on Plaintiff's successful bar score so it can be used in all jurisdictions;" and (3) "other equitable and legal relief this Court finds appropriate." (Doc. 1 at 10.)

---

[1] 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred," *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted), including violations of constitutional rights, and occupies a position of primacy.

**II.     Plaintiff's Prior Case Against Maine BBE in this Court.**

Plaintiff previously brought suit against Maine BBE in this court based on the same events. *See Grundstein v. Maine Bd. of Bar Examiners*, Case No. 2:23-cv-177 (D. Vt. July 10, 2023). On March 28, 2024, this Court issued an Opinion and Order dismissing Plaintiff's action against Maine BBE because, as a result of Eleventh Amendment sovereign immunity, the court lacked subject matter jurisdiction. The court explained that Plaintiff:

> cannot prevail in federal court on claims asserted against the State of Maine, or its agencies such as Maine BBE, absent a waiver of sovereign immunity. Plaintiff has not pointed to any waiver of Maine's immunity. Because Plaintiff has failed to allege such a waiver, and the court is aware of none, his claims against Maine BBE must be DISMISSED.

Id. slip op. at 7 (D. Vt. Mar. 28, 2024). The court declined to grant leave to amend because it would be futile. The court explained that "better pleading could not cure the substantive defect of this court's lack of subject matter jurisdiction over Mr. Grundstein's claims against Maine BBE." *Id.*

As relevant to the current case, the court further noted:

> While a federal district court would have jurisdiction under 42 U.S.C. § 1983 over claims against persons exercising state authority, § 1983 does not authorize claims against a state or its agencies. Likewise, although the *Ex parte Young* doctrine Plaintiff cites allows claims for prospective relief against state officials in their official capacities, Plaintiff does not allege claims against a state official.

*Id.* at 6 n.2 (internal citations omitted). Because the court lacked subject matter jurisdiction, the case was dismissed without prejudice. Judgment was entered the same day.

Three days later, Plaintiff moved to reopen his case and for reconsideration which the court denied on May 3, 2024. The court explicitly warned Plaintiff "that a second action naming Maine BBE as a defendant would be inappropriate." *Id.* slip op. at 2 (D. Vt. May 3, 2024). The court further advised Plaintiff "that federal law allows for venue in "a judicial district in which any *defendant* resides, . . . [or] a judicial district in which a substantial part of the events or

3

omissions giving rise to the claim occurred." *Id.* (internal citations omitted; omission and emphasis in original).

Plaintiff did not seek to appeal but commenced this action, again naming Maine BBE as a defendant and including individual defendants, on June 21, 2024.

## Analysis

Courts afford pleadings filed by *pro se* parties "special solicitude" *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted), because they generally lack "legal training and experience." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Plaintiff, however, as a formerly licensed attorney representing himself, does not fall within this general rule because "a lawyer representing himself ordinarily receives no such solicitude at all." *Id.*; *see also Grundstein v. Eide*, 2014 WL 11462807, at *5 (D. Vt. May 15, 2014) (denying Mr. Grundstein, as a self-represented lawyer, the latitude generally granted to a *pro se* litigant).

## I. Defendants' Motion to Dismiss

### A. Maine BBE

As in the first case, Maine BBE moves to dismiss Plaintiff's claims against it contending, among other reasons, that this court lacks subject matter jurisdiction because Maine enjoys sovereign immunity with regard to suits in federal courts. *See* Doc. 2 at 7-9. Other than the addition of individual defendants to the caption and of a few words to a heading, Plaintiff's current Complaint is duplicative of the Amended Complaint the court previously dismissed.

As a result, for the same reasons explained in the prior case, and because Plaintiff was denied leave to amend his claims against Maine BBE and was warned that a second action

naming Maine BBE as a defendant would be inappropriate,[2] the Court DISMISSES Maine BBE as a defendant.

### B. Individual Defendants

With regard to the individual defendants, Defendants contend the case should be dismissed because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, the court lacks personal jurisdiction over them, this court is an improper venue for this case, the claims are barred by res judicata, and finally that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff does not allege any plausible facts to demonstrate that any individual defendant was personally involved in violating his constitutional rights or in any other claim. Other than his statements that the embargo is "consistent with the misplaced malevolence in Defendant's office as administered by Melissa Hansen," (Doc. 1 at 3), and that this "sort of bad faith has consistently been a part of transactions with . . . Melissa Hansen," *id.* at 9, the only reference to any individual defendant is in the case caption. For this reason, the court DISMISSES the Complaint against the individual defendants. *Terry v. N.Y. City Dep't of Corr.*, No. 10 Civ. 6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" should be granted).

---

[2] Plaintiff argues that his claims against Maine BBE evade sovereign immunity because he does not seek money damages and, under *Ex Parte Young*, the Eleventh Amendment does not apply to injunctive relief. (Doc. 3 at 5.) As the court has previously explained, and presumably why Plaintiff refiled his action including individual defendants, the *Ex parte Young* doctrine allows claims for prospective relief against state officials in their official capacities, not against a state agency like Maine BBE. Additionally, Plaintiff's admission that he seeks "injunctive relief from a Maine state order," *see id.*, undermines his claim that this action is not barred by the *Rooker-Feldman* doctrine.

Even if Plaintiff's allegations against Defendant Hansen were construed to plausibly allege some claim for relief, Plaintiff has not demonstrated that this is a proper venue for his action. Plaintiff contends that venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." (Doc. 3 at 10 (internal quotation marks and emphasis omitted)). In support of his contention, Plaintiff cites the Federal Tort Claims Act ("FTCA").[3] The FTCA, however, provides a waiver of sovereign immunity for claims against the federal government by parties injured by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b). That is not the situation here.

The general federal law governing this action allows for venue in "a judicial district in which any defendant resides, . . . [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). The Second Circuit has "caution[ed] district courts to take seriously the adjective 'substantial' … [and] construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). "As other cases in this circuit have held, 'when a court examines the question of whether venue in a forum is proper, it must focus on where the defendant's acts or omissions occurred.' … Adhering to this rule comports with the purpose of the venue statute to 'protect[ ] a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.'" *Blauschild v. Tudor*, 31 F. Supp. 3d 527, 532–33 (E.D.N.Y. 2014) (quoting *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 556-57 (E.D.N.Y.2011)).

---

[3] Plaintiff also argues that venue over a contract claim against the federal government for damages under $10,000 is required to be brought where a plaintiff resides. *See* Doc. 3 at 10 (citing 28 U.S.C. § 1402(a)(1)). But this case includes no such claim. Indeed, Plaintiff has maintained that he does not seek monetary damages.

Here, Plaintiff does not allege that any Defendant resides in Vermont. The only connection to Vermont is Plaintiff's choice to take the Maine bar exam remotely. Defendants' actions that allegedly gave rise to Plaintiff's claims all occurred outside of Vermont. The Court therefore finds that venue in this judicial district is not proper, and the motion to dismiss for improper venue is GRANTED.

## II.     Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (cleaned up).

As the Court has noted, better pleading will not cure its lack of subject matter jurisdiction over Plaintiff's claims against Maine BBE. *See Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013) (affirming sovereign immunity barred claims and holding because this "fatal substantive defect[] . . . could not be cured by further pleading, the district court did not abuse its discretion in denying leave to amend") (footnote omitted). Furthermore, venue is improper as to all Defendants. Leave to amend is therefore denied.

## CONCLUSION

Defendants' motion to dismiss (Doc. 2) is GRANTED. Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice to re-filing in a court where venue is proper. This case is closed.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of June 2025.

/s/ William K. Sessions III
William K. Sessions III
United States District Court Judge